UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEISON HERNANDEZ-VELASQUEZ,<br><br>  Petitioner,<br><br>  v.<br><br>WARDEN, F.C.I. MENDOTA,<br><br>  Respondent. | No.  1:24-cv-00130-SKO (HC)<br><br>ORDER DIRECTING RESPONDENT TO PROVIDE DOCUMENTS<br><br>[30-DAY DEADLINE] |

    Petitioner is a federal prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  On January 29, 2024, Petitioner filed the instant habeas petition.  On March 28, 2024, Respondent filed a motion to dismiss the petition.  The Court has reviewed the pleadings and finds that additional documentation is necessary.

    It is Petitioner's contention that the Bureau of Prisons ("BOP") is excluding him from the application of First Step Act credits against his sentence solely because he has an immigration detainer lodged against him.  Respondent responds that Petitioner is subject to a final order of removal and therefore ineligible under statute for application of First Step Act credits.  See 18 U.S.C. § 3632(d)(4)(E).  Petitioner alleges that the BOP is using a document as proof of a final order of removal, but the document contains false information and that he is only subject to a detainer.  Petitioner claims that the BOP is representing that he is subject to a final order of removal where no formal final order of removal has been issued.

1. The Court has reviewed the documents lodged by Respondent, in particular, Respondent's citation indicating Petitioner is subject to a final order of removal. (Doc. 7 at 2, citing Appendix at 2-3, 16.)  The references are to a Declaration by Jennifer Vickers and to a copy of a document entitled "Immigration Detainer – Notice of Action."  In the declaration, Vickers states she has reviewed the Immigration Detainer and determined that Petitioner is subject to a final order of removal as indicated in the document.  (Doc. 7-1 at 4.)  The Court has reviewed that same document as well. (Doc. 7-1 at 16.)  The document is not a final order of removal, but an immigration detainer wherein a box is checked indicating a final order of removal has been issued.  From this secondhand information alone, the Court cannot verify that Petitioner is subject to a final order of removal.  The detainer references the existence of a final order of removal, but from the document alone, the Court cannot determine the validity of Petitioner's contention that it is merely a document with a box incorrectly checked.  Thus, Respondent shall file a copy of the actual final order of removal or explain why a copy cannot be furnished.

**ORDER**

Based on the foregoing, IT IS HEREBY ORDERED that Respondent shall file a copy of the final order of removal within thirty (30) days of the date of service of this Order.

IT IS SO ORDERED.

Dated:   **May 8, 2024**                     /s/ *Sheila K. Oberto*
                                                                      UNITED STATES MAGISTRATE JUDGE