1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                         FOR THE EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  JEISON HERNANDEZ-VELASQUEZ, | No.  1:24-cv-00130-SKO (HC) |
| 12            Petitioner, | **ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE** |
| 13       v. | |
| 14  WARDEN, FCI-MENDOTA, | **FINDINGS AND RECOMMENDATIONS TO GRANT RESPONDENT'S MOTION TO DISMISS** |
| 15            Respondent. | **[Doc. 7]** |
| 16 | |

17        Petitioner is a federal prisoner proceeding *pro se* and *in forma pauperis* with a petition for

18   writ of habeas corpus pursuant to 28 U.S.C. § 2241.

19        On January 29, 2024, Petitioner filed the instant habeas petition.  (Doc. 1.)  On March 28,

20   2024, Respondent filed a motion to dismiss the petition.  (Doc. 7.)  Respondent contends the

21   petition should be dismissed for lack of jurisdiction and failure to exhaust administrative

22   remedies.  Petitioner did not file an opposition.  On May 9, 2024, the Court issued an order

23   directing Respondent to provide additional documentation.  (Doc. 8.)  On June 7, 2024,

24   Respondent filed under seal a Notice of Filing of Final Order of Removal.  (Doc. 9.)   Having

25   reviewed the pleadings, the Court will RECOMMEND Respondent's motion to dismiss be

26   GRANTED.

27   /////

28   /////

                                                    1

**DISCUSSION**

**I.       Motion to Dismiss**

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). The Court will review the motion under Rule 4 standards. See Hillery, 533 F. Supp. at 1194 & n. 12.

**II.      Background**

Petitioner is serving a sentence of 30 months for his 2022 conviction of one count of possession of methamphetamine with intent to distribute in violation of 21 U.S.C. § 841(a)(1). (Doc. 7-1 at 3.[1])

Petitioner was incarcerated at the Federal Correctional Institution in Mendota, California, at the time he commenced this action.  In his petition, Petitioner claims that the Bureau of Prisons ("BOP") determined him ineligible for First Step Act ("FSA") credits because he is subject to an immigration detainer, not a final order of removal.  (Doc. 1 at 2, 18.)  According to BOP records, Petitioner has been determined ineligible to apply FSA time credits to his sentence, not because of an immigration detainer, but because he is subject to a "final order of removal."  (Doc. 7-1 at 17.)  According to the exhibits, his projected release date was April 20, 2024. (Doc. 7-1 at 3.) Respondent has further submitted evidence under seal in the form of a copy of a Final Order of Removal dated May 11, 2017.

According to the BOP's records of its Administrative Remedy Program, Petitioner has never submitted an Administrative Remedy Request with respect to the BOP's calculation of FSA time credits.  (Doc. 7-1 at 4.)

/////

---

[1] Citations are to ECF pagination unless noted.

2

**III.     Failure to State a Claim under the First Step Act**

The First Step Act was enacted on December 21, 2018, and implemented a number of prison and sentencing reforms, including computation of good time credits, reducing and restricting mandatory minimum sentences, safety valve eligibility, retroactive application of the Fair Sentencing Act, and the availability of early release. First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018).

Under the First Step Act, prisoners "who successfully complete[ ] evidence-based recidivism reduction programming or productive activities" "shall earn 10 days of time credits for every 30 days of successful participation." 18 U.S.C. § 3632(d)(4)(A). A prisoner determined "to be at a minimum or low risk for recidivating, who, over 2 consecutive assessments, has not increased their risk of recidivism, shall earn an additional 5 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities." 18 U.S.C. § 3632(d)(4)(A)(ii).

The BOP determined that Petitioner was eligible to *earn* FTCs pursuant to the First Step Act, but the BOP determined that Petitioner was not eligible to have FTCs *applied* to his sentence.  The BOP's determination is correct.  According to the First Step Act,

> A prisoner is *ineligible to apply* time credits under subparagraph (C) if the prisoner is the *subject of a final order of removal* under any provision of the immigration laws (as such term is defined in section 101(a)(17) of the Immigration and Nationality Act (8 U.S.C. 1101(a)(17))).

18 U.S.C. § 3632(d)(4)(E)(i) (emphasis added).  Respondent has submitted under seal a copy of the Final Order of Removal dated May 11, 2017.  The statute is clear that Petitioner is not eligible to have FTCs applied to his sentence because he is subject to a final order of removal under immigration laws.  Thus, Respondent is correct that Petitioner is statutorily barred and has no lawful basis to claim application of FTCs against his sentence.

**IV.     Exhaustion**

Before filing a petition for writ of habeas corpus, a federal prisoner challenging any circumstance of imprisonment must first exhaust all administrative remedies.  Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir. 1986); Chua Han Mow v. United States, 730 F.2d 1308,

3

1   1313 (9th Cir. 1984); <u>Ruviwat v. Smith</u>, 701 F.2d 844, 845 (9th Cir. 1983).  The requirement that

2   federal prisoners exhaust administrative remedies before filing a habeas corpus petition was

3   judicially created; it is not a statutory requirement.  <u>Brown v. Rison</u>, 895 F.2d 533, 535 (9th Cir.

4   1990).  Thus, "because exhaustion is not required by statute, it is not jurisdictional." <u>Id</u>.  If

5   Petitioner has not properly exhausted his claims, the district court, in its discretion, may either

6   "excuse the faulty exhaustion and reach the merits or require the petitioner to exhaust his

7   administrative remedies before proceeding in court."

8          The first step in seeking administrative remedies is a request for informal resolution. 28

9   C.F.R. § 542.13.  When informal resolution procedures fail to achieve sufficient results, the BOP

10   makes available to inmates a formal three-level administrative remedy process: (1) a Request for

11   Administrative Remedy ("BP-9") filed at the institution where the inmate is incarcerated; (2) a

12   Regional Administrative Remedy Appeal ("BP-10") filed at the Regional Office for the

13   geographic region in which the inmate's institution is located; and (3) a Central Office

14   Administrative Remedy Appeal ("BP-11") filed with the Office of General Counsel.  28 C.F.R. §

15   542.10 et seq.

16          According to Respondent, Petitioner has never requested relief through the BOP's

17   administrative remedy process with respect to FTCs.  Thus, the claims are unexhausted.  The

18   exhaustion requirement "is not lightly to be disregarded." <u>Murillo v. Mathews</u>, 588 F.2d 759, 762,

19   n.8 (9th Cir. 1978) (citation omitted).  A "key consideration" in exercising such discretion is

20   whether "relaxation of the requirement would encourage the deliberate bypass of the

21   administrative scheme[.]" <u>Laing v. Ashcroft</u>, 370 F.3d 994, 1000 (9th Cir. 2004) (internal

22   quotation marks omitted).  The exhaustion requirement should not be excused in this case because

23   Petitioner has deliberately bypassed the administrative scheme.  Had he properly sought

24   administrative relief, the BOP would have advised him of his immigration status and his

25   ineligibility for application of FTCs pursuant to 18 U.S.C. § 3632(d)(4)(E)(i).

26                                          **ORDER**

27          Accordingly, the Clerk of Court is DIRECTED to assign a district judge to this case.

28

**RECOMMENDATION**

For the foregoing reasons, the Court RECOMMENDS that Respondent's motion to dismiss be GRANTED.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within twenty-one (21) days after being served with a copy of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the Objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the Objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).  This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated:   **June 11, 2024**                           /s/ *Sheila K. Oberto*
                                                            UNITED STATES MAGISTRATE JUDGE