**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JEISON HERNANDEZ-VELASQUEZ,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, FCI-MENDOTA,<br><br>Respondent. | Case No. 1:24-cv-0130 JLT SKO (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING RESPONDENT'S MOTION TO DISMISS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE THE CASE<br><br>(Docs. 7, 14) |

Jeison Hernandez- Velasquez is a federal prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner asserts that he "earned time credits ('ETC') which, under the First Step Act, entitle him to immediate transfer into supervised release or pre-release custody, however the BOP refuses to enable him to apply his ETC's (sic) because he has an immigration detainer." (Doc. 1 at 6.) Respondent moves to dismiss the petition, arguing Petitioner did not exhaust his administrative remedies and that he is "jurisdictionally and statutorily barred from [First Step Act earned time credit] sentence-offsets due to the final order of removal from another federal court." (Doc. 7 at 1, 3.)

The magistrate judge observed that "[a]ccording to BOP records, Petitioner has been determined ineligible to apply FSA time credits to his sentence, not because of an immigration detainer, but because he is subject to a 'final order of removal.'" (Doc. 14 at 2.) The magistrate

1

judge noted the final order of removal was filed under seal with the Court.  (*Id.*)  In addition, the magistrate judge found Petitioner did not exhaust his administrative remedies, and that if had he done so, "the BOP would have advised him of his immigration status and his ineligibility for application of FTCs pursuant to 18 U.S.C. § 3632(d)(4)(E)(i)."  (*Id.* at 4.)  Thus, the magistrate judge recommended the petition be dismissed.  (*Id.*)

The Court served the Findings and Recommendations on Petitioner at the only known address—FCI Mendota—and the U.S. Postal Service returned the document as "Undeliverable, RTS- No Longer at Facility" on June 17, 2024.[1]  Consistent with the report from the U.S. Postal Service, records from the Federal Bureau of Prisons indicate Petitioner was released from the custody on May 1, 2024.[2]

According to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of this case. Having carefully reviewed the matter, the Court concludes the Findings and Recommendations are supported by the record and proper analysis.  Moreover, because Petitioner was released from custody, the petition may also be dismissed as moot.  *See, e.g., Sila v. Warden*, 2023 WL 2504476, at *2 (C.D. Cal. Feb. 13, 2023) ("[E]ven if Petitioner is currently on supervised release and seeks to apply First Step Act credits to reduce his term of supervised release, that relief is unavailable here. The First Step Act ... does not provide for a reduction of supervised release terms, and the BOP is not authorized to reduce such terms.")  Thus, the Court **ORDERS**:

1. The Findings and Recommendations issued on June 11, 2024 (Doc. 14) are **ADOPTED** in full.

---

[1] Absent notice of a party's change of address, service of documents at the prior address of the party is fully effective. Local Rule 182(f).

[2] The Court may take judicial notice of a fact that "is not subject to reasonable dispute because it (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. As a result, the Court may take judicial notice of facts on a website of a government agency. *See O'Toole v. Northrop Grumman Corp.*, 499 F.3d 1218, 1225 (10th Cir. 2007) ("It is not uncommon for courts to take judicial notice of factual information found on the world wide web"); *Denius v. Dunlap*, 330 F.3d 919, 926-27 (7th Cir. 2003) (taking judicial notice of information on the website of a government agency).  The records of the Federal Bureau of Prisons cannot reasonably be questioned. *See United States v. Lund*, 2017 U.S. Dist. LEXIS 101515 at *1 (E.D. Cal. June 28, 2017) (taking judicial notice of a petitioner's records with the BOP). Accordingly, the Court takes judicial notice of the "inmate locator" information on the website of the BOP, which indicates Petitioner (BOP Register Number 92587-509) was released on May 1, 2024. *See* Federal Bureau of Prisons Inmate Locator, https://www.bop.gov/inmateloc/ (search by "BOP Register Number" for "92587-509") (last visited July 3, 2024).

    2.     Respondent's motion to dismiss (Doc. 7) is **GRANTED**.

    3.     The petition for writ of habeas corpus is **DISMISSED**.

    4.     The Clerk of Court is directed to enter judgment and close the case.

IT IS SO ORDERED.

Dated:   **July 5, 2024**

UNITED STATES DISTRICT JUDGE